UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRITTNEY HARVEY, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:21-cv-3203 |
| v. | )<br>)<br>) |
| RESURRECTION UNIVERSITY, | )<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Resurrection University ("Resurrection"), by its attorneys and pursuant to 28 U.S.C. §§1331, 1332(d)(2), 1441, and 1446, hereby removes this action from the Circuit Court of Cook County, State of Illinois to the United States District Court for the Northern District of Illinois. In support of removal, Resurrection states as follows:

**I.     PLAINTIFF'S CLAIMS AND RELIEF SOUGHT**

1.     Plaintiff, initially proceeding anonymously as a "Jane Doe," commenced this action against Resurrection on April 21, 2021 in the Circuit Court of Cook County, Illinois, by filing a lawsuit captioned *Jane Doe v. Resurrection University,* Case No. 2021-CH-1910 (the "State Court Action"). Prior to serving Resurrection, Plaintiff Brittney Harvey ("Harvey") filed a First Amended Complaint in the State Court Action on May 13, 2021 in which she dropped the Jane Doe designation and identified herself by name. Resurrection was served with Summons and the First Amended Complaint (copies of which are attached hereto as Exhibit 1) on May 17, 2021.

2. The First Amended Complaint in the State Court Action alleges that Resurrection violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by utilizing an online remote proctoring tool called Respondus Monitor. Specifically, Harvey alleges that "[t]hrough the Respondus Monitor tool, Resurrection unlawfully collects, uses, and discloses students' biometric identifiers and biometric information without the students' written and informed consent" and has failed to provide a "legally-compliant written public policy" as required by BIPA. (*See,* Exhibit 1, at ¶ 2)

3. Harvey alleges that she is a current student at Resurrection who has used the Respondus Monitor tool "upward of 50 times." (*See,* Exhibit 1 at ¶¶ 89 - 94) Harvey asserts four separate BIPA claims against Resurrection, each on her own behalf and on behalf of the following putative class: "All persons who took an assessment using Respondus Monitor, as a student of Resurrection University in Illinois, at any time during the five years prior to the filing of this Complaint through January 20, 2021." (*Id.* at ¶ 101) Harvey alleges that there are thousands of members of this putative class. (*Id.* at ¶ 104)

4. In each of the four counts in the First Amended Complaint, Harvey alleges that Resurrection's violations of BIPA were "reckless." (*See,* Exhibit 1 at ¶¶ 118, 130, 138, 145) BIPA, at 740 ILCS 14/20(2), provides that a prevailing party may recover liquidated damages of $5,000 or actual damages, whichever is greater, for each violation committed by a private entity "intentionally or recklessly."

II. **RESURRECTION'S REMOVAL IS TIMELY**

5. The First Amended Complaint was served upon Resurrection on May 17, 2021. Thus, pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within 30 days after

service of the First Amended Complaint. As noted above, the original Complaint was never served on Resurrection.

## III. BASES FOR REMOVAL

6. As set forth below, removal of the State Court Action is proper on two independent grounds.

7. Pursuant to 28 U.S.C. §1332(d)(2), removal is proper under the Class Action Fairness Act ("CAFA"), because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, inclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2). Here, all three of the CAFA prerequisites are satisfied.

8. First, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of the State Court Action, more than 100 Resurrection students took a test or assessment using the Respondus Monitor tool.

9. Second, Resurrection, an Illinois not for profit institution, is a citizen of Illinois. While Harvey alleges that she is a resident of Cook County, Illinois, there are many Resurrection students who are citizens of states other than Illinois who fall within the First Amended Complaint's class definition. Accordingly, the requirements of §1332(d)(2)(A) and (B) are met.

10. Third, the matter in controversy in this case exceeds $5 million, exclusive of interest and costs. Harvey seeks $5,000 statutory penalties for each alleged BIPA violation. The Resurrection students who are alleged to be putative class members took more than 1,000 tests in

the five years prior to filing of this case using the Respondus Monitor proctoring tool, hence the amount in controversy exceeds $5 million.[1]

11. Alternatively, removal is also proper here under 28 U.S.C. §1331, because this case presents "substantial federal questions." When substantial federal questions are embedded in a state law cause of action, that action is considered to arise under federal law for removal purposes. *See, e.g.*, *Samuel C. Johnson 1988 Trust v. Bayfield County*, 649 F.3d 799, 801 (7th Cir. 2011) (exercising removal jurisdiction because plaintiff's claim to quiet-title required interpreting federal statute provisions); *Evergreen Square of Cudahy v. Wisconsin Housing & Economic Development Authority*, 776 F.3d 463, 467 (7th Cir. 2015) (finding substantial federal questions where "resolution of this case turns on issues of federal law—specifically, the application of 42 U.S.C. § 1437f and related regulations and notices promulgated by HUD.").

12. BIPA incorporates provisions of the Gramm-Leach-Bliley Act (GLBA), *see* 740 ILCS 14/25(c), as an exemption to liability, and Resurrection is subject to these GLBA provisions. As such, the resolution of this case turns on issues of federal law and removal is thus warranted.

**IV. VENUE AND NOTICE**

13. The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action pursuant to 28 U.S.C. §1441, which permits any civil action brought in any state court in which the District Courts of the United

---

[1] Of course, Resurrection reserves all rights and defenses, as to liability, damages and class certification. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties," and a "removing defendant need not confess liability in order to show that the controversy exceeds the threshold." (internal quotation marks omitted) (emphasis in original).

States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, within this Judicial District.

14. Pursuant to 28 U.S.C. §1446(a), the Summons and First Amended Complaint, which constitute all "process, pleadings, and orders" served to date on Resurrection, are attached hereto as Exhibit 1.

15. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiff's counsel (by email and U.S. Mail), and promptly filed with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

16. Resurrection submits this Notice of Removal without waiving any defenses to the claims asserted by Harvey, without conceding liability, fault, damages or that Harvey has pleaded a claim upon which relief can be granted, and expressly preserving all positions on liability, damages, statute of limitations, and other legal issues, including that class certification is not appropriate.

WHEREFORE, Defendant, Resurrection University hereby removes Case Number 2021-CH-1910, now pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated: June 15, 2021

RESURRECTION UNIVERSITY,

By: /s/ *Michael D. Hayes*
      One of Its Attorneys

Michael D. Hayes
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
michael.hayes@huschblackwell.com

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2021, I caused the foregoing **Notice of Removal** to be sent via electronic mail and mailed by first-class U.S. Mail, postage prepaid, to the following attorneys representing the Plaintiff in the State Court Action:

Brian K. Murphy
murphy@mmmb.com
Joseph F. Murray
murray@mmmb.com
Jonathan P. Misny
misny@mmmb.com
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215

Mary C. Turke
mary@turkestrauss.com
Samuel J. Strauss
sam@turkestrauss.com
Turke & Strauss, LLP
613 Williamson Street, Suite 201
Madison, WI 53703

Anthony I. Paronich
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

/s/ *Michael D. Hayes*